UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GENE R. ROBBINS,

                    Petitioner,

vs.                                  Case No. 2:04-cv-311-FtM-29DNF

JACK    SAPP,   Warden   Hamilton
Correctional Institution,

                    Respondent.
_____

**OPINION AND ORDER**

**I. Status**

Petitioner, Gene R. Robbins, (hereinafter "Petitioner" or "Robbins"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus (Doc. #1, "Petition") pursuant to 28 U.S.C. § 2254 on June 1, 2004.[1]  Robbins challenges his state court judgment of conviction for Aggravated Battery entered in the Twentieth Judicial Circuit Court, Lee County, Florida (state circuit case no. 96-2876CF) for which he was sentenced as a violent habitual offender to fifteen years in prison, with a ten-year mandatory minimum.  Petition at 1.  The Petition raises the following six grounds for relief: 1) trial court error in allowing the prosecutor to ask inappropriate questions during closing

_____

[1]The Petition (Doc. #1) was docketed and filed in the Jacksonville Division of this Court on June 3, 2004, and transferred to this Court on June 9, 2004; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

arguments; 2) ineffective assistance of counsel for failure to investigate, prepare and present a voluntary intoxication defense; 3) ineffective assistance of counsel for failure to make State's evidence available to defendant so that defendant could decide whether to proceed to trial or accept plea; 4) ineffective assistance of counsel for failure to investigate and present available witnesses for trial; 5) trial court error in shifting burden of proof to the defense when considering Petitioner's re-sentencing; and 6) trial court error in considering the case of Kelly v. State of Florida at re-sentencing because there was no showing in the record that the trial court stated it had no discretion but to sentence the defendant to the minimum mandatory time at the original sentencing.  Id. at 4-14.

In compliance with the Court's Order (Doc. #12), Respondent filed a Response to Petition for Writ of Habeas Corpus on September 9, 2004 ("Response," Doc. #38).  Respondent submits that Ground One of the Petition is procedurally defaulted, Grounds Five and Six do not present issues of a federal constitutional magnitude; and, as to all the Grounds, Petitioner fails to meet the threshold requirement of 28 U.S.C. § 2254 (d) and (e).  Response at 1. Respondent submitted exhibits in support of his contentions (Exhs. ##1-27), including a five volume record on appeal (Vol. 1-5). After being granted an extension of time, Petitioner filed a "Response Brief to Show Cause for Writ of Habeas Corpus" on November 15, 2004 and a "Supplement to Amend Petitioner's Writ of

Habeas Corpus 28 U.S.C. § 2254 in Opposition to State's Response," construed as a supplemental reply (Docs. #31 and #33, collectively "Reply").  This case is now ripe for review.

## II. Procedural History

Robbins was charged by information with one count of aggravated battery upon his wife, Connie Robbins.  Vol. 1 at 2-3. At trial, Robbins was represented by Assistant Public Defender, Keith S. Grossman.  After a one-day jury trial, Robbins was found guilty as charged.  Vol. 4 at 104.  On August 21, 1997, the trial court determined that Robbins qualified as a habitual violent offender and sentenced him to fifteen years in prison, with a ten-year mandatory minium. Vol. 3 at 97-100.

Robbins, represented by Assistant Public Defender, Tisha Cohen, filed a direct appeal raising one issue: whether the trial court erred in allowing the prosecutor to ask inappropriate questions during closing argument.  Exh. #1.  The State filed an answer brief and argued that the claim was not preserved for review by contemporaneous objection.  Exh. #2.  On July 16, 1999, the appellate court *per curiam* affirmed, without written opinion, Robbins' conviction and sentence.  Robbins v. State, 740 So. 2d 532 (Fla. 2d DCA 1999); Exh. #3.  Mandate issued on August 6, 1999. Exh. #4.

On December 30, 1999, Robbins filed a motion for post conviction relief pursuant to  Fla. R. Crim. P. 3.850 raising

three ineffective assistance claim, which mirror the three ineffective assistance claim he raises in the instant Petition. Exh. #5.[2]  The state filed its response to the Rule 3.850 motion on May 15, 2000.  Exh. #8.  An evidentiary hearing was held on October 30, 2000, at which Robbins was represented by court appointed counsel.  Exhs. ##9-10.  Trial counsel, Mr. Grossman and Robbins testified at the evidentiary hearing.  By order dated November 17, 2000, the postconviction trial court denied Petitioner's Rule 3.850 motion finding, in part, that "Defendant has failed to meet his burden of demonstrating that counsel's performance was deficient or that Defendant suffered any prejudice with the meaning of Strickland."   Exh. #11 at 4, ¶12.   Robbins appealed the postconviction trial court's denial.  On April 20, 2001, Robbins' appointed counsel filed an Anders brief.[3]  Exh. #12.  Robbins filed a *pro se* brief, and the State filed an answer brief.  Exh. #13. Robbins filed a reply brief.  On May 10, 2002, the appellate court affirmed the postconviction trial court's denial of Robbins' Rule 3.850 motion by written opinion.  Exh. #14; Robbins v. State, 816 So.2d 783 (Fla. 2d DCA 2002).  Mandate issued on May 31, 2002. Exh. #12.

---

[2]On March 22, 2000, Robbins filed a motion seeking leave to amend his Rule 3.850 motion to include an additional claim that his sentence was illegal pursuant Heggs v. State, No. SC93851 (Fla. Feb. 17, 2000). The postconviction trial court denied Robbins' motion finding Heggs inapplicable to Robbins' case. Exh. #7.

[3]Anders v. California, 386 U.S. 738 (1967).

On July 12, 2001, Robbins filed a *pro se* petition for writ of habeas corpus pursuant to Fla. R. App. P. 9.141(c).  Exh. #15.  In his state petition, Robbins raised the following two claims of ineffectiveness of appellate counsel in connection with alleged sentencing errors: 1) failure to file a Rule 3.800(b) motion to correct sentencing error in that the oral pronouncement differed from the written pronouncement; and, 2) failure to brief the issue that defense counsel and the State believed that 10 years was the minimum legal sentence permissible under the Habitual Violent Felony Offender Statute, § 775.084, for a second degree felony. The State filed a response.  Exh. #16.  On January 9, 2001, the appellate court granted in part, and denied in part, Robbins' state petition.  Exh. #17; <u>Robbins v. State</u>, 813 So.2d 960 (Fla. 2d DCA 2001).  The appellate court granted the petition to the extent that it reversed the portion of Robbins' minimum mandatory sentence, remanding the issue back to the trial court.  <u>Id.</u> at 3.  Robbins' thereafter filed a motion for a rehearing, which was denied.  Exhs. ##18-19.  Mandate issued on May 14, 2002.  Exh. #20.

Pursuant to the appellant court's remand, the trial court held a re-sentencing hearing on March 6, 2003, at which Robbins was present and represented by court appointed counsel.  Exh. #21.  At conclusion of the re-sentencing hearing, the trial court exercised its discretion and imposed the ten year minimum mandatory term. <u>Id.</u> at 10, lines 15-20.  The court filed a new judgment along with sentencing documents, which reflected that Robbins was adjudicated

guilty of aggravated battery and was sentenced to fifteen years imprisonment as a habitual violent felony offender with a minimum term of ten years.  Exh. #22.  Robbins, represented by court appointed counsel, appealed the new sentence raising two issues: 1) whether the trial court erred in shifting the burden to the defense when considering defendant's re-sentencing; and 2) whether the trial court erred in considering the case <u>Kelly v. State</u> at re-sentencing because there was no showing in the record that the trial court stated it had no discretion but to sentence the defendant to the mandatory time at the original sentencing.  Exh. #23.  The State filed an answer brief.  Exh. #24.  On February 6, 2004, the appellate court filed a *per curiam* unwritten opinion affirming the trial court's re-sentencing.  Exh. #25; <u>Robbins v. State</u>, 871 So. 2d 231 (Fla. 2d DCA 2004).  Mandate issued on March 3, 2004.  Exh. #26.

### III.  Applicable § 2254 Law

Robbins filed his timely[4] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Consequently, post-AEDPA law governs this action.  <u>Abdul-Kabir v. Quarterman</u>, 127 S. Ct. 1654, 1664 (2007);  <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001);  <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n.9

---

[4]The AEDPA imposes a one-year statute of limitations on § 2254 actions.  28 U.S.C. § 2244(d).  Respondent concedes that due to Petitioner's collateral appeals, the Petition in this Court was timely filed.  Response at 10-11.  The Court agrees.

(11th Cir. 2007).  Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Prior to the Court reviewing a claim on the merits, certain aspects of the AEDPA, are relevant to this matter.

### Federal Question

A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a).  Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254.  Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000).  Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.

### Exhaustion

If a ground asserted by a petitioner warrants review by a federal court under § 2254, the petitioner must have first afforded

the state courts an initial opportunity to address any federal issues. 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Duncan v. Henry, 513 U.S. 364, 365 (1995)("exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'").

A petitioner must present the same claim to the state court that he now requests the federal court to consider. McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)(citations omitted); Kelly v. Sec'y for the Dep't of Corr., 377 F. 3d 1317, 1343-44 (11th Cir. 2004). Thus, the exhaustion requirement is not satisfied if the claims raised before the state court were not raised in terms of federal law. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342

(11th Cir. 2007).  With regard to claims of ineffectiveness of trial counsel, a petitioner must have presented those claims to the state court "'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" Ogle v. Johnson, 488 F. 3d 1364, 1368 (11th Cir. 2007)(citing NcCnair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).

If a petitioner fails to exhaust a claim, the court may dismiss the petition without prejudice to permit exhaustion, if appropriate.  Pliler v. Ford, 542 U.S. 225, 227 (2004); Rose v. Lundy, 455 U.S. 509, 519-20 (1982).  Alternatively, the court has the discretion to grant "a stay and abeyance to allow the petitioner to exhaust the unexhausted claim."  Ogle, 488 F.3d at 1370 (citations omitted).

**Procedural Default**

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules."  Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008).  "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures."  Henderson, 353 F.3d at 891 (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  A procedural default may also result from non-compliance with state procedural requirements.  See Coleman v. Thompson, 501 U.S. 722, 729-30, reh'q denied, 501 U.S. 1277 (1991).

> Federal courts are barred from reaching the
> merits of a state prisoner's federal habeas
> claim where the petitioner has failed to
> comply with an independent and adequate state
> procedural rule. <u>Wainwright v. Sykes</u>, 433
> U.S. 72, 85-86, 97 S. Ct. 2497, 53 L. Ed. 2d
> 594 (1977).  When a state court correctly
> applies a procedural default principle of
> state law, federal courts must abide by the
> state court decision, <u>Harmon v. Barton</u>, 894
> F.2d 1268, 1270 (11th Cir. 1990), but only if
> the state procedural rule is regularly
> followed, <u>Ford v. Georgia</u>, 498 U.S. 411, 424,
> 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991). . .
> .

<u>Siebert v. Allen</u>, 455 F.3d 1269, 1271 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1823 (2007); <u>see also</u> <u>Baldwin v. Johnson</u>, 152 F.3d 1304, 1317 (11th Cir. 1998) (finding that federal courts may not review a claim that a petitioner procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief), <u>cert. denied</u>, 526 U.S. 1047 (1999).  This is true where the appellate court silently affirms the lower court procedural bar since federal courts should not presume an appellate state court would ignore its own procedural rules in summarily denying applications for postconviction relief.  <u>Tower v. Phillips</u>, 7 F.3d 206, 211 (11th Cir. 1993).

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual

"prejudice" resulting from the asserted error.  House v. Bell, 547 U.S. 518, 536-37 (2006); Mize, 532 F.3d at 1190.  "Cause" ordinarily requires a petitioner to demonstrate "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (quoting Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999)).  Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted.  Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).  To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different." Henderson, 353 F.3d at 892.

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  House, 547 U.S. at 536; Edwards, 529 U.S. at 451; Henderson, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."  Henderson, 353 F.3d at 892. See also House, 547 U.S. at 536-37 (prisoner asserting actual innocence must establish that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (citation omitted).

**Deference to State Decision**

Where a petitioner's claim raises a federal question, was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision.  See, e.g., Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson, 527 F.3d at 1146; Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).  See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  Carey v. Musladin, 549 U.S. 70, 127 S. Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412

-12-

(2000)).  In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law."  Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result.  Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16.  Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them."  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if

the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520).   The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18.  Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).  Thus, the state court's decision is not subject to federal review de novo; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."   28 U.S.C. § 2254(d)(2).  Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question.  Rice v. Collins, 546 U.S. 333, 338 (2006).  Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28

U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91.  This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact."  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001) (citation omitted).  An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed de novo. Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006).

Finally, if the state court fails or declines to rule on the merits of a particular claim raised before it, that claim falls outside of the scope of § 2254(d)(1)'s restrictions and the reviewing federal habeas court owes no deference to the state court decision when evaluating that claim.  Davis v. Sec'y Dep't of Corr., 341 F.3d 1310, 1313 (11th Cir. 2003).

**Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether

a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688.  Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006).  A Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue.

Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

## IV. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below,  concludes no evidentiary proceedings are required in this Court.  Schriro v. Landrigan, ___ U.S. ___, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.  Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### Ground One - Trial Court Error/Prosecutorial Misconduct

Petitioner asserts that the prosecutor made various prejudicial comments during his closing argument, and that the

cumulative effect of these comments denied him a fair trial. Petition at 5-6.   Petitioner raised this claim on direct appeal. Exh. #1.   The State, in its answer brief, argued that the claim of trial court error was barred from appellate review because no objections were made to the prosecutor's allegedly improper comments during closing argument.  Exh. #2.  Based upon the record, there is a clear and unambiguous application of the procedural bar by the appellate court as reflected in their *per curiam* affirmance of Robbins' conviction.  Exh. #3; Tower v. Phillips, 7 F.3d at 211. When a state court has applied a state procedural bar to a claim, that claim is similarly barred from federal habeas review.  Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

Petitioner acknowledges that defense counsel did not object to any of the prosecutor's allegedly improper comments, asserting that counsel's failure to object demonstrates his ineffectiveness. Petition at 6.  A petitioner may establish cause by showing that a procedural default was caused by constitutionally ineffective assistance of counsel.   Fortenberry v. Haley, 297 F.3d at 1222 (11th Cir. 2002)(citations omitted).   However, in order for a petitioner to rely upon the ineffective assistance of counsel as cause for the default, the "claim of ineffective assistance [of counsel must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  Mize v. Hall, 532 F.3d at 1192 n.5; Coleman v. Thompson, 501 U.S. 722, 755 (1991);  Hill v. Jones, 81 F.3d 1015, 1029-31

(11th Cir. 1996); <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). In his direct appeal, Petitioner reserved the right to raise counsel's failure to object to these allegedly improper comments by the prosecutor in his Rule 3.850 motion. <u>See</u> Exh. #31 at 9 n.2 However, Petitioner failed to present this particular claim of counsel's ineffectiveness in his Rule 3.850 motion. <u>See</u> Exh. #5. Consequently, Petitioner has not shown cause for his default. Further, Petitioner can not establish a fundamental miscarriage of justice by making a showing of "actual innocence." <u>Schlup v. Delo</u>, 513 U.S. 298, 328 (1995). Consequently, the Court will dismiss Ground One as procedurally barred.

### **Grounds Two, Three and Four - Ineffectiveness of Counsel**

As noted above, Petitioner was afforded an evidentiary hearing in connection with each of his three claims of ineffectiveness of trial counsel. Exh. #10. Robbins and his trial counsel, Mr. Grossman, testified at the hearing. <u>Id.</u> Subsequent to the hearing, the postconviction trial court issued a written order denying each of Petitioner's claims of ineffective assistance of counsel. Exh. #11. The trial court expressly adopted and applied the <u>Strickland</u> analysis in evaluating each of Petitioner's ineffectiveness claims. <u>See</u> Exh. #11 at 2, ¶5. In conclusion, the trial court found:

> [h]aving considered the evidence and testimony presented, the demeanor of the witnesses, and the circumstances involved . . . Defendant has failed to meet his burden of demonstrating that counsel's performance was deficient

or that Defendant suffered any prejudice within the meaning of Strickland.

Id. at 4, ¶12.  The appellate court affirmed, in writing, the trial court's order denying each of Petitioner's three grounds of ineffectiveness of trial counsel "without further discussion." Exh. #14; Robbins v. State, 816 So. 2d at 784.  Consequently, the state courts' decisions are entitled to deference unless they are contrary to or involve an unreasonable application of Strickland, or were based on an unreasonable determination of the facts in light of the evidence presented in the underlying state court proceedings.

In Ground Two, Petitioner faults counsel for failing to investigate, prepare and present an intoxication defense.  Petition at 5.  Id. at 7.  Petitioner claims that a "clear record existed showing [Robbins'] intoxication at the time of the offense."  Id. Respondent argues that "[t]he state court reasonably concluded that Petitioner's insistence that he did not commit any battery and his clear and detailed memory of the events and circumstances involved were inconsistent with a defense of voluntary intoxication." Response at 17.  Respondent cites to Nelson v. Nagle, 995 F.3d 1549, 1554-1555 (11th Cir. 1993) in support of trial court's conclusion that counsel was not deficient for failing to raise the intoxication defense in light of Petitioner's testimony that he was not guilty of the crime.  Id.  In pertinent part, the trial court found:

> Defendant claims that trial counsel was ineffective in failing to present a defense of voluntary intoxication. Counsel testified that the primary defense was that Defendant did not commit any battery on his wife. Counsel did not pursue a voluntary intoxication defense because, as explained to him by Defendant, the drinking had stopped at approximately ten o-clock in the evening, and the incident with which he was charged did not take place until four o-clock in the morning, between which Defendant had been sleeping.  Counsel further testified that Defendant had a clear memory of the incident and denied battering his wife, which would be inconsistent with a defense of voluntary intoxication.

Exh. #11 at 2, ¶7.

> At the hearing, Defendant continued to maintain his innocence and insisted that his wife's injuries were accidental. He provided details as to his version of the incident, and maintained that his wife was injured when they fell into a barbeque pit while he was trying to retrieve his vehicle's license tag.  He expressly denied having beaten his wife. When asked by the State how a voluntary intoxication defense would have made a difference in his case if, in fact, he did not batter his wife, he responded, "Well, if I had been intoxicated I probably wouldn't have known what I did,"  while still affirmatively maintaining that he did not beat his wife. Defendant's insistence that he did not commit any battery and his clear and detailed memory of the events and circumstances involved are inconsistent with a defense of voluntary intoxication.

Id. at 3, ¶9.

According to trial counsel, Petitioner's defense at trial was that he did not commit the battery upon his wife.  Doc. #10 at 5, lines 8-12.  Counsel was aware that Petitioner claimed to be an alcoholic, and was drinking until 10 p.m., but counsel did not find his use of alcohol "significant to the case at hand" because the incident occurred six hours after Petitioner stopped drinking, Petitioner had slept during that period of time, and Petitioner

"had a clear memory" of the incident. Id. at 7, lines 12-18. Petitioner maintained his innocence during the evidentiary hearing alleging that his wife's injuries were caused by her falling into the barbeque pit and were not caused from him beating her. Id. at 27, lines 5-6, 23; at 31, lines 13-24.

The Court agrees that counsel cannot be deemed ineffective for failing to raise an intoxication defense in light of these facts. See Rivera v. State, 717 So. 2d 477, 485 (Fla. 1998)(a "voluntary intoxication defense is, in effect, an admission that you did the crime but lacked the specific intent to be held criminally responsible."); accord Hubbard v. Haley, 317 F.3d 1245, 1260-61 (11th Cir. 2003) (the "defense [of intoxication] is inconsistent with the theory presented at trial that Petitioner did not commit the crimes."). Thus, having thoroughly considered the record and the applicable law, the Court finds that the state court's denial of Petitioner's ineffective assistance of counsel claim regarding the intoxication defense is not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Consequently, the Court will deny Ground Two of the Petition as without merit.

In Ground Three, Petitioner claims that counsel was ineffective for failing to make the State's evidence available to

defendant in order that defendant could assess the strength and weaknesses of his case.  Petition at 5.  Petitioner states that "trial counsel failed to make arrangements for defendant to review any evidence." Id. at 9.  Petitioner admits that counsel did inform him that the State would agree to "nothing less than (10) years in prison." Id.  Petitioner now asserts that if he had been able to review the State's evidence prior to trial, "defendant would have accepted the plea." Id.  Respondent contends that the state court's denial of this claim was "not contrary to, nor an unreasonable application of, the Strickland standard." Response at 15.

In relevant part, with regard to this claim, the trial court found as follows:

> Defendant states that trial counsel did not allow him to view the evidence against him prior to his making a decision to reject the State's plea offer of nothing less than ten (10) years in prison.  Counsel testified that the victim's deposition was available and that he believed Defendant had a copy.  This was confirmed by Defendant's own testimony.  Counsel further testified that the other depositions had not been transcribed until just a couple days before trial.  Even though counsel could not specifically recall whether he gave those depositions to Defendant, he stated that "as far as what was in the depositions, we had discussed it to the extent that he was able to make a decision knowing what the facts of the case would be."
>
> Defendant admitted that he had a copy of the victim's deposition, and that he received copies of the depositions of the arresting officer and the State's witness a day or two before trial.  He stated that he did not receive the deposition of the Investigator until two days after trial.  Counsel, however, testified that Agent Buissereth's deposition was not taken until just a day or

two prior to trial, due to the fact that he failed to
appear for two previously scheduled depositions.

Exh. #11 at 3-4, ¶¶10-11.

Based upon the record, the Court finds Petitioner's claim that
he was unable to assess the strength of the State's case in order
to make a decision to proceed to trial or accept the plea without
merit.   Petitioner acknowledges that he was provided with the
evidentiary material that counsel had available to him.  Petitioner
does not point to any evidence that was available to counsel that
was not provided to him.   Further, Petitioner, concedes that
counsel told him what was the State's acceptable minimum sentence.
Thus, Petitioner's conclusory "after the fact testimony concerning
his desire to plead, without more, is insufficient to establish
that but for counsel's alleged advice or inaction, he would have
accepted the plea offer."   Diaz v. U.S. 930 F.2d 832, 835 (11th
Cir. 1991).

Thus, having thoroughly considered the record and the
applicable law, the Court finds that the state court's denial of
Petitioner's ineffective assistance of counsel claim regarding
whether counsel made evidence available to the defendant in order
for him to assess his case is not contrary to clearly established
federal law, did not involve an unreasonable application of clearly
established federal law, and was not based on an unreasonable
determination of the facts in light of the evidence presented in

the state court proceedings.  28 U.S.C. § 2254(d).  Consequently, the Court will deny Ground Three of the Petition as without merit.

In Ground Four, Petition claims counsel was ineffective for failing to investigate and present available witnesses for trial. Petition at 5.  In particular, Petitioner states that Robert Jedrey would have testified that Petitioner was intoxicated the evening before the incident.  Id. at 10-11.  Respondent points out that Petitioner failed to present Mr. Jedrey at the evidentiary hearing. Response at 19.  Further, Respondent contends that the state court properly denied this claim because Petitioner was not able to show how the failure to call Mr. Jedrey prejudiced him.  Id.

In denying this claim, the postconviction trial court noted the "close relationship" between this claim and Petitioner's claim that counsel was ineffective for failing to raise the intoxication defense.  Exh. #10 at 3, ¶8.  In particular, the trial court stated:

> Defendant alleges that he provided trial counsel with the name of Robert Jedrey, who would have testified that Defendant was intoxicated.  Counsel testified that he tried, but could not reach Mr. Jedrey by telephone. Admittedly, counsel did not follow up on trying to locate Mr. Jedrey.  However, counsel did not believe Mr. Jedrey's testimony would have had any impact on the case, because, as he understood it, Mr. Jedrey had been drinking with Defendant up until approximately ten o'clock that night, and there was no dispute that Defendant had been drinking up until that time.  Counsel testified that the issue was how Defendant was at four o-clock the following morning, and as he recalled there was no testimony that Defendant had been drinking after ten o-clock.  The Court notes that Defendant did not present Mr. Jedrey as a witness at the evidentiary hearing.

Id.

Admittedly trial counsel did not persist in his attempts to contact Mr. Jedrey. Nonetheless, it is evident from the record that counsel deemed Mr. Jedry's testimony inconsequential in light of the fact that the intoxication defense was not applicable to the case. "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision and it is one that [the courts] will seldom, if ever, second guess." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995). Further, Petitioner can not show that Mr. Jedry's testimony would have changed the result of the trial since the fact that Petitioner was drinking and intoxicated at 10 p.m. would not necessarily have negated his intent six hour later, at the time of the incident. See Linehan v. State, 476 So.2d 1262, 1264 (Fla. 1985)(The court emphasized that a defendant who asserts the defense of voluntary intoxication must establish "evidence of intoxication at the time of the offense sufficient to establish that he was unable to form the intent necessary to commit the crime charged." The court further rejected that the "use of intoxicants" equates to "intoxication.").

The Court, having thoroughly considered the record and the applicable law, finds that the state court's denial of Petitioner's claim that counsel was ineffective for failing to investigate and present available witnesses is not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable

-26-

determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).  Consequently, the Court will deny Ground Four of the Petition as without merit.

### Grounds Five and Six - Trial Court Error/Sentencing

In Grounds five and Six, Petition claims that, on resentencing, the trial court erred by: 1) shifting the burden to the defendant when considering defendant's re-sentencing; and 2) considering the case Kelly v. State[5] at re-sentencing.  Petition at 13-14.  Petitioner raised both of these claims on appeal.  See Exh. #23.  Respondent submits that these Grounds are not cognizable in this § 2254 proceeding because these claims do not raise federal issues.  Response at 23.

In Petitioner's brief on appeal, Petitioner cites only to Florida State law in support of these claims.  Exh. #23.  Nowhere in his Petition does Petitioner allege a violation of federal law in connection with either of these claims.  See generally Petition. At re-sentencing, the thrust of the colloquy between the court and counsel centered upon the status of Florida law at the time of Petitioner's original sentencing.[6]  As noted by the trial court,

---

[5]In Kelly v. State, 727 So. 2d 1084 (Fla. 2d DCA 1999), the appellate court in reversing defendant's habitual offender sentence and minimum mandatory term imposed by the trial court and remanding the case back to the trial court for resentencing held that the trial court, at sentencing, erroneously indicated that it had no discretion and was required to impose the minimum mandatory term.

[6]Petitioner's original written sentence and oral sentence were inconsistent.  The Court orally sentenced Petitioner to 15 years as

(continued...)

the issue before the court on remand was limited to the portion of Robbins' minimum mandatory sentence, and whether the court deemed the minimum mandatory applicable, not whether Robbins was a violent habitual offender.  Exh. #21 at 3.

Reviewing a finding of state law is not cognizable in a federal habeas proceeding.  Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Davis v. Jones, 506 F.3d 1325, 1332 (11th Cir. 2007)("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").  Davis, 506 F.3d at 1332 (internal quotations and citations omitted).  Claims which do not raise a federal question are not subject to review because this Court may not inquire into the validity of the trial court's application of its state law.  Carrizales v. Wainwright, 699 F.2d at 1055; Cabberiza v. Moore, 217 F.3d 1329 at 1333.  See also Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).  This is particularly true in the sentencing realm.  As reaffirmed by the Eleventh Circuit,

> [i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures.

---

[6](...continued)
a habitual violent offender.  The written sentence reflected Petitioner was sentenced to 15 years, with a minimum mandatory of ten years.  It appears that there was disagreement as to whether the trial court believed it had discretion at time of Petitioner's original sentencing to impose the minimum mandatory or whether the trial court believed the minimum mandatory was automatic.

Brannon v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)(citing cases omitted).  Because these Grounds do not raise a federal issue, the Court will dismiss Grounds Five and Six of the Petition.

Based upon the foregoing, the Court will dismiss Grounds One, Five and Six and deny Grounds Two, Three and Four of the Petition. Any other claim not specifically addressed is found to be without merit under the legal principles set forth above.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   Claims One, Five and Six of the Petition are **DISMISSED**.

2.   Claims Two, Three, and Four of the Petition are **DENIED**.

3.   The **Clerk of the Court** shall enter judgment accordingly; terminate any pending motions; and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___22nd___ day of September, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-29-